
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 8 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VILRAM S. CHAUHAN, a.k.a. VIKRAM S. CHAUHAN, <br><br> Petitioner, <br><br> v. <br><br> DALLAS JONES, Warden, FCC-Beaumont-Medium, and KEN PAXTON, Attorney General, the State of Texas, <br><br> Respondents. | § § § § § § § § § § § § § § | No. 4:16-CV-525-A |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Vilram S. Chauhan, a.k.a. Vikram S. Chauhan, a former federal prisoner now incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Dallas Jones, warden of FCC-Beaumont-Medium, and Ken Paxton, Attorney General of the State of Texas, respondents.[1] After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Procedural History

Petitioner is serving two concurrent 20-year sentences for his convictions in Tarrant County, Texas, Case Nos. 1248464D and

---

[1] When petitioner filed this petition he was in federal custody subject to an outstanding detainer arising from criminal charges in Tarrant County, Texas. He has since been transferred to state custody.

1248466D, for aggravated robbery. The state appellate court set forth the relevant background facts of the case as follows:

> On September 8, 2011, [petitioner] was indicted on two counts of aggravated robbery with a deadly weapon committed on July 7, 2011. On November 14, 2011, while out on bond, [petitioner] robbed a bank. He was convicted of the bank robbery in federal district court and sentenced to sixty-six months' confinement in federal prison.
>
> On February 7, 2013, [petitioner] received notice that Tarrant County had lodged a detainer on him for the two aggravated robbery charges. Between July 1, 2013, and December 27, 2013, [petitioner] filed five pro se motions seeking dismissal of the charges. The State claimed that all five motions were defective and inadequate to invoke the IADA. On March 20, 2014, [petitioner] was transferred from federal prison to the Tarrant County jail.
>
> A jury trial was held on [petitioner]'s aggravated robbery cases in June 2014. The jury found [petitioner] guilty of both counts and assessed punishment at twenty years' confinement on each count. The trial court sentenced [petitioner] accordingly and ordered the sentences to run concurrently. [Petitioner] filed a motion for new trial arguing that he was tried in violation of the IADA. The trial court denied the motion . . . .

(Mem. Op. 2, doc. 4.)

Petitioner appealed the denial of his motion for new trial, but the Second District Court of Appeals of Texas affirmed his convictions and the Texas Court of Criminal Appeals refused his petitions for discretionary review. (*Id.* at 7; Electronic Record, doc. 15-34.) Petitioner did not file a postconviction application for habeas relief in the state courts.

## II. Issues

In two grounds, petitioner claims—

(1) the state trial court erred by not trying him within the 180-day speedy-trial provision of the Interstate Agreement of Detainers Act (IADA); and

(2) his trial counsel was ineffective by failing to urge his motions for dismissal of the state charges pursuant to the IADA.

(Pet. 6, doc. 1.)

## III. Rule 5 Statement

Respondent agrees that the petition is timely filed and that petitioner has sufficiently exhausted his state-court remedies as to his claims. (Resp't's Answer 4, doc. 9.)

## IV. Discussion

### A. Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims

3

already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

## B. Petitioner's Grounds

Petitioner claims that he was not brought to trial by the state trial court within the 180-day time limit prescribed by the IADA despite his motions for a final disposition of the indictments and that his trial counsel was ineffective by failing to urge his motions for dismissal pursuant to the IADA. (Pet. 6, doc. 1; Supp. Clerk's Rs., vol. 1, 4-53, docs. 15-24 & 15-26.)

A prisoner's right to a speedy trial is protected by the Sixth Amendment of the United States Constitution and the IADA. U.S. CONST. amend. VI; TEX. CODE CRIM. PROC. ANN. art. 51.14 (West 2006). The IADA enables one state to gain custody of a prisoner incarcerated in another jurisdiction in order to prosecute him on criminal charges. *See Birdwell v. Skeen*, 983 F.2d 1332, 1335-36

(5th Cir. 1993). The process is initiated when the state places a detainer on a prisoner. *Id.* at 1336. The prisoner may then request a speedy disposition of the charges under Article III of the IACA accompanied by a certificate as specified in the IADA. *Id.* at 1336. The state seeking custody is required to bring the prisoner to trial within 180 days after a proper request is received. TEX. CODE CRIM. PROC. ANN. art. 51.14, Article III(a) (West 2006). If the trial does not commence within that time, the charges are dismissed with prejudice and the detainer becomes invalid. *Id.* art. V(c).

The state courts determined that petitioner's motions for disposition of his criminal indictments in Cause Nos. 1248464D and 1248466D failed to meet the statutory requirements necessary to invoke the IADA. (Mem. Op. at 4, doc. 15-4.) Specifically, the state appellate court addressed the issues as follows:

### The IADA

> The IADA is a congressionally-sanctioned compact between the federal government and the states. *See Alabama v. Bozeman*, 533 U.S. 146, 148, 121 S. Ct. 2079, 2082 (2001) (citing 18 U.S.C. app. § 2). It creates uniform and cooperative procedures to be used for lodging and executing a detainer when one state seeks to obtain temporary custody of and prosecute a prisoner in another state or federal facility. *Id.* Texas adopted the IADA in code of criminal procedure article 51.14. *See* Tex. Code Crim. Proc. Ann. art. 51.14 (West 2006); *State v. Votta*, 299 S.W.3d 130, 134–35 (Tex. Crim. App. 2009).
>
> When an IADA-party state has an untried indictment, information, or complaint against the prisoner, it files a detainer with the institution in

5

the state that is holding the prisoner. *Votta*, 299 S.W.3d at 135. The prison is required to promptly inform the prisoner that a detainer has been filed against him and that he has the right to request final disposition of the charges. Tex. Code Crim. Proc. Ann. art. 51.14 art. III(c); *Votta*, 299 S.W.3d at 135. The prisoner, in order to invoke the IADA, "shall have cause[] to be delivered to the prosecuting officer and the appropriate court of the prosecuting office's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint." Tex. Code Crim. Proc. art. 51.14, art. III(a). The prisoner's written request must also be accompanied by

> a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner.

*Id.*

"The prisoner bears the burden of demonstrating compliance with the procedural requirements of article III." *Walker v. State*, 201 S.W.3d 841, 846 (Tex. App.—Waco 2006, pet. ref'd) (citations omitted). Once the prisoner meets the requirements under Article III(a), then the prisoner must be brought to trial in the receiving state within 180 days from the date on which the prosecuting officer and the appropriate court receives the written request for a final disposition, unless a continuance is granted under the IADA. *Id.*; *Votta*, 299 S.W.3d at 135. If the prisoner is not brought to trial within 180 days, the trial court must dismiss the indictment with prejudice. Tex. Code Crim. Proc. Ann. art. 51.14, art. III(d); *Votta*, 299 S.W.3d at 135.

### [Petitioner]'s Motions

In [petitioner]'s first point, he argues that he was tried in violation of article III of the IADA. As discussed above, [petitioner] must properly request a

6

final and speedy disposition under the IADA for the act's requirements to apply. We must therefore determine whether [petitioner]'s motions meet the statutory requirements necessary to invoke the IADA.

Under the IADA, [petitioner] is first required to request a final disposition of his indictments before he requests dismissal of the indictments. Tex. Code Crim. Proc. art. 51.14, art. III(a). [Petitioner]'s third motion is the only motion that uses the term "final disposition." But [petitioner]'s third motion, despite the title including a "request for disposition of indictments," does not actually request a final disposition of the indictments. The motion states, "[petitioner] is now imprisoned in the Federal Correctional Institution . . ., and pursuant to the detainer lodged against [him] . . . ., that a request for final disposition *shall be made* to the above referenced . . . causes against [him]." [Emphasis added.] [Petitioner] goes on to claim that the 180-day period in which the State was required to bring him to trial had already passed, that he had filed a "Motion to Dismiss for violations of the Speedy Trial Act," and that "[w]hen the Petitioner's right to a speedy trial has been violated, dismissal is 'the only possible remedy.'" [Citations omitted.] The prayer of [petitioner]'s third motion likewise only requested the dismissal of his indictments. [Petitioner]'s third motion therefore did not request a "final disposition" of the indictments as required by the IADA, but a dismissal based on the State's alleged failure to comply with the IADA deadline. *See Votta*, 299 S.W.3d at 137 ("Appellee's motion to dismiss the charges was not proper notice to the district court of his request for disposition."). Absent a proper request for a final disposition, the IADA time period had not begun to run, and dismissal was not mandated. *See id.*

Furthermore, none of [petitioner]'s filings were accompanied by the statutorily required certification from the prison warden of the prison in which he was serving his federal sentence. A request for dismissal of the indictments must include the required documentation to sufficiently invoke the IADA. *See State v. Chesnut*, 424 S.W.3d 213, 218 (Tex. App.-Texarkana 2014, no pet.) (holding that a prisoner complies with his obligations under the IADA when he mails a "proper request for final disposition *along*

7

> *with all the required documentation*") (emphasis added); *Lara v. State,* 909 S.W.2d 615, 617-18 (Tex. App.-Fort Worth 1995, pet ref'd) (holding that appellant's proper request for disposition alone, unaccompanied by a certificate from the official having custody of him, was insufficient to invoke the IADA). Even viewing all five of [petitioner]'s pro se filings together, the motions are still inadequate to invoke the IADA. Because [petitioner]'s motions did not invoke the IADA, the 180-day period did not start, and [petitioner] was not tried in violation of the IADA. We overrule [petitioner]'s first point.
>
> **Ineffective assistance of counsel**
>
> In his second point, [petitioner] argues that his trial counsel rendered ineffective assistance by not moving to dismiss the underlying charges for the alleged violation of the IADA. [Petitioner]'s second point of error is based solely on the first point of error, and he acknowledged in oral argument that if the first point of error is overruled, then no grounds exist to support the second point of error. Because we have overruled [petitioner]'s first point, we overrule [petitioner]'s second point.

(Mem. Op. 2-6, doc. 15-4.)

In turn, the Texas Court of Criminal Appeals refused petitioner's petitions for discretionary review raising the claims.

The state courts' adjudication of the claims comports with federal law as determined by the United States Supreme Court on the issues. When a habeas petitioner alleges a violation of the IADA, he must show that the alleged violation is a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley,* 512 U.S. 339, 348 (1994). "The defect must be an exceptional circumstance of a type which causes

8

prejudice to the defendant." *Lara v. Johnson,* 141 F.3d 239, 242-43 (5th Cir. 1998), *modified on reh'g,* 149 F.3d 1226 (5th Cir. 1998). Petitioner has failed to show how the alleged IADA violation rises to the level of a fundamental defect which would require dismissal. He makes no showing that his ability to get a fair trial was affected or credible assertions of prejudice as a result of any failure of the state to abide by the IADA. Nor does he establish that he is actually innocent of the charges for which he was convicted. Further, absent clear and convincing evidence in rebuttal, this court must defer to the factual findings of the state appellate court. Applying the appropriate deference, petitioner's motions did not comply with the procedural requirements of the IADA because his motions were not accompanied by the requisite certificate regarding his federal prison term.

Finally, petitioner's trial counsel testified at the new trial hearing that he did not urge petitioner's motions because, in his opinion, the motions were frivolous as they did not comply with the requirements of the IADA. (Supp. Reporter's R., Mot. for New Trial, vol. 2, 72-79, doc. 15-17.) Counsel is not required to raise frivolous motions. *Johnson v. Cockrell,* 306 F.3d 1029, 1037 (5th Cir. 2002).

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED December 21, 2017.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE